COLE, APPELLANT, *v.* HELENA LIGHT & RAILWAY CO. ET AL., RESPONDENTS.

(No. 3,401.)

(Submitted September 16, 1914. Decided October 6, 1914.)

[143 Pac. 974.]

*Personal Injuries—Street Railways—Duty Toward Travelers on Streets — Negligence — Evidence — Insufficiency—Trial— Reopening Case—Discretion.*

Complaint—Insufficiency—Appeal—Affirmance of Judgment, When.
1. If the complaint in a case in which defendant prevailed does not state a cause of action, he is entitled to an affirmance of the judgment, irrespective of the merits of plaintiff's contentions on appeal.

[As to the scope and effect of writs of error, see note in 91 Am. Dec. 193.]

Street Railways—Duty Toward Travelers on Streets—Last Clear Chance.
2. It is the duty of a street railway company, through its agents, to exercise constant care and watchfulness to avert injury to travelers on streets traversed by its cars, even though the latter are heedless of their surroundings and thus place themselves in danger; hence an allegation in plaintiff's complaint that while oblivious of her surroundings she unconsciously put herself in peril by driving directly in the way of one of defendant's cars, did not alone relieve defendant company of lia-

(443)

bility or conclude plaintiff's right to recover; the question in such case being whether the person in charge of the car exercised the proper care to discover the peril of the traveler and promptly made use of all available appliances to avoid injurying him.

[As to duty of railway company to trespassers on track, see note in 30 Am. St. Rep. 53.]

Same—Evidence—Insufficiency.
3. Where liability for a personal injury was attempted to be fastened upon defendant street railway company on the theory that its motorman, having had the last clear chance to avoid injuring plaintiff, was guilty of want of attention, and the evidence left his dereliction in this respect open to speculation, a directed verdict for defendant was proper.

[As to when contributory negligence does not bar recovery, see notes in 30 Am. Rep. 190; 38 Am. Rep. 637. As to concurrent negligence of plaintiff in defeating recovery under last clear chance doctrine, see note in Ann. Cas. 1912B, 888.]

Trial—Practice—Reopening Case—Discretion.
4. After a case has been closed, the matter of reopening it for the introduction of further evidence is within the discretion of the trial court, and unless there has been a clear abuse of it, its ruling thereon will not be disturbed on appeal.

[As to right of court to reopen case after submission to jury for reception of additional evidence, see note in Ann. Cas. 1913C, 1010.]

Same—Refusal to Reopen Case—When not Error.
5. Refusal to reopen plaintiff's case after defendant's motion for a directed verdict, *held* not to have been error, where the additional testimony sought to be introduced would not have so strengthened his case as to require its submission to the jury.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Mary A. Cole against the Helena Light & Railway Company and Frank Vickery. Judgment for defendants, and plaintiff appeals from it and an order denying her motion for a new trial. Affirmed.

*Mr. E. A. Carleton* and *Mr. Edward A. Phelan,* for Appellant, submitted a brief and argued the cause orally.

Under the circumstances of this case, the authorities are unanimous that the court should, in the furtherance of justice, have reopened the case upon such terms as were just to both parties. "The trial court is frequently requested at various stages of the trial to reopen the case and to admit evidence which has been overlooked or has been newly discovered." (15 Ency. Pl. & Pr. 397.) While the motion to reopen a case is addressed

to the sound discretion of the court, still such discretion is judicial and not arbitrary.   (*Sun Ins. Office* v. *Stegar*, 129 Ky. 808, 112 S. W. 922; see, also, 38 Cyc. 1360; 1 Thompson on Trials, sec. 348; *Meyer* v. *Cullen*, 54 N. Y. 392; *Meacham* v. *Moore*, 59 Miss. 561; *Owen* v. *O'Reilly*, 20 Mo. 603; *Walker* v. *Walker*, 14 Ga. 242.)   "Even where the plaintiff has rested and the court has decided to direct a verdict for defendant, the case should be reopened if the plaintiff offers to produce competent evidence sufficient to sustain his case."   (Abbott's Civil Jury Trials, 165, and cases cited; *Pittsburgh Plate Glass Co.* v. *Roquemore* (Tex. Civ. App.), 88 S. W. 449.)   "Even after the arguments are closed, and while the jury are receiving their instructions, the court may reopen the case for further testimony."   (15 Ency. Pl. & Pr. 397; *Clavey* v. *Lord*, 87 Cal. 413, 25 Pac. 493.)

The law proceeds upon the theory that, when a motorman sees that a person approaching the track is unconscious and oblivious of any danger, and neither sees nor hears the car and pays no attention to the signals, it would be inhuman to permit the motorman to run him down and kill or maim him, and, in such a case, he cannot escape liability by the invocation of the place of safety rule.   In other words, this is only saying that the law recognizes that notwithstanding the contributory negligence of the plaintiff, the defendant is still liable if, notwithstanding such contributory negligence, the latter had the last clear chance of avoiding the injury, and could have avoided it if he had exercised due and ordinary care.   In all such cases the negligence of the defendant is held as the proximate cause of the injury and plaintiff is entitled to recover.   (*Richmond Passenger & Power Co.* v. *Gordon*, 102 Va. 498, 46 S. E. 772; *Holden* v. *Missouri Ry. Co.*, 177 Mo. 456, 76 S. W. 973, 2 Street Ry. Rep. 573.) Likewise in the case of *Baxter* v. *St. Louis Transit Co.*, 103 Mo. App. 597, 78 S. W. 70, 2 Street Ry. Rep. 612, it was held that the party who had the last chance to avoid the accident was liable, and that the driver of the vehicle who was injured, although he failed to look back for an approaching car, as did the plaintiff in the case at bar, is not guilty of such negligence as

precludes recovery. It was held that the defendants were liable if the motorman could, or in the exercise of due diligence should, have seen the dangerous situation of the plaintiff and avoided injury. Again, negligence in such cases may be inferred. (*Warren* v. *Union Ry. Co.*, 46 App. Div. 517, 61 N. Y. Supp. 1009; *Peer* v. *Ryan*, 54 Mich. 224, 19 N. W. 961.) A street railway company which runs down a wagon being driven along its tracks, plainly visible in front of the car, is guilty of negligence in the absence of special circumstances. (*Indianapolis Street Ry. Co.* v. *Darnell*, 32 Ind. App. 687, 68 N. E. 609; *Vincent* v. *Norton etc. Ry. Co.*, 180 Mass. 104, 61 N. E. 822; *Schilling* v. *Metropolitan Street Ry. Co.*, 47 App. Div. 500, 62 N. Y. Supp. 403.) If the injury in this case was due to accident, or to no fault of the defendants, they could easily have shown it. This they did not choose to attempt to do. For this reason, say the courts, an inference of negligence may be drawn. (*El Paso Electric Ry. Co.* v. *Kendall*, 38 Tex. Civ. App. 221, 85 S. W. 61.) "While it is the duty of the driver of such a team to use reasonable care for his own safety, he may trust something to the expectation that others will do their duty, and has a right to suppose that a motorman coming from behind will give him time to cross the tracks if he has started to do so." (*Williamson* v. *Old Colony St. Ry. Co.*, 191 Mass. 144, 5 L. R. A. (n. s.) 1081, 77 N. E. 655, 4 Street Ry. Rep. 448; see, also, *Ruppel* v. *United Railroads*, 1 Cal. App. 666, 82 Pac. 1073; *Marden* v. *Portsmouth etc. St. Ry. Co.*, 100 Me. 41, 109 Am. St. Rep. 476, 69 L. R. A. 300, 60 Atl. 530, 3 Street Ry. Rep. 300; *Wall* v. *Helena Street Ry.*, 12 Mont. 44, 29 Pac. 721; *Riley* v. *Northern Pac. Ry. Co.*, 36 Mont. 545, 93 Pac. 948; *Neary* v. *Northern Pac. Ry. Co.*, 37 Mont. 467, 19 L. R. A. (n. s.) 446, 97 Pac. 944; *Flaherty* v. *Butte Electric Ry. Co.*, 43 Mont. 141, 115 Pac. 40; *Singer* v. *Missoula St. Ry. Co.*, 47 Mont. 218, 131 Pac. 630; *Moritz* v. *St. Louis Transit Co.*, 102 Mo. App. 657, 77 S. W. 477; *Vrooman* v. *North Jersey St. Ry. Co.*, 70 N. J. L. 818, 59 Atl. 459, 3 Street Ry. Rep. 619; *Meng* v. *St. Louis etc. Ry. Co.*, 108 Mo. App. 553, 84 S. W. 213; *Union Biscuit Co.* v. *St. Louis Tran-*

*sit Co.*, 108 Mo. App. 297, 83 S. W. 288; *Lightcap* v. *Pennsylvania Traction Co.*, 60 Fed. 212; Nellis on Street Railroad Accident Law, 473.)

*Mr. Odell W. McConnell*, for Respondents, submitted a brief, and argued the cause orally.

The court did not err in refusing to reopen the case. "It is entirely within the discretion of the court to grant such a request, and unless this discretion is abused, the action of the court affords no ground for a new trial." (15 Ency. of Evidence, 397.)  It was necessary for the plaintiff to fully make out her case before she rested.  She had no right to rely or expect that the defendants would call the eye-witness Squires, and when they failed to do so, she had no right to have the case reopened.  In a will contest (*In re Dolbeer's Estate*, 149 Cal. 227, 9 Ann. Cas. 795, 86 Pac. 695), the deposition of a witness had been taken by the contestants.  The witness had likewise been subpoenaed and was in attendance upon the trial.  The contestants did not call the witness nor read the deposition, but took the chance that the proponents would call the witness.  The proponents introduced their evidence, but did not call the witness or use the deposition.  The contestants then asked leave to reopen the case for the purpose of taking this witness' testimony or of reading the deposition, upon the ground of surprise, and that they expected the proponents would call the witness.  The motion to reopen the case was denied by the court, and the court held that there was no error.  (See, also, *Bourne* v. *Johnson*, 10 S. D. 36, 71 N. W. 140; *Paducah Ry. Co.* v. *Commonwealth*, 4 Ky. Law Rep. 625; *Wilkie* v. *Richmond Traction Co.*, 105 Va. 290, 54 S. E. 45; *Loftus* v. *Fisher,* 113 Cal. 286, 45 Pac. 329; *Goodrich* v. *Kansas City etc. Ry. Co.*, 152 Mo. 222, 53 S. W. 920; *Bartlett* v. *Illinois Surety Co.*, 142 Iowa, 538, 119 N. W. 729; *Patrick* v. *Perryman*, 52 Ill. App. 514; *Beatson* v. *Bowers,* 174 Ind. 601, 91 N. E. 922.)  The motion to reopen the case was not made until twenty-four hours after all of the evidence was in.  The defendants had discharged their witnesses and they had returned to their homes, some of them without

the county where this case was tried. Under such circumstances, denial of the motion was not error. (*Peppett* v. *Michigan Cent. R. Co.,* 119 Mich. 640; 78 N. W. 904; *Davis* v. *Central R. R. Co.,* 75 Ga. 645; *Osgood* v. *Bander,* 82 Iowa, 171,. 47 N. W. 1001; *Wood* v. *Washington,* 135 Wis. 299, 115 N. W. 810; *Banning* v. *Purrinton,* 105 Iowa, 642, 75 N. W. 639.) In Idaho, the supreme court has said that the practice of allowing cases to be reopened after they have been closed by both parties should be expressly discouraged except upon a showing such as "ignorance of the existence of such evidence, or oversight, inability * * * or other good cause." (*Giffen* v. *City of Lewiston,* 6 Idaho, 231, 55 Pac. 545.) "If the moving party fails to show good cause for reopening the case, it is a proper exercise of discretion to refuse to permit him to do so." (*San Francisco Breweries* v. *Schurtz,* 104 Cal. 420, 38 Pac. 92; 38 Cyc. 1362.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for personal injuries alleged to have been sustained by the plaintiff in a collision between a wagon in which she was riding and a car of the defendant Helena Light & Railway Company, in the city of Helena, brought about by the negligence of the defendant Vickery, the motorman in charge of the car. One line of the railway extends north from the central portion of the city along Park Avenue to its junction with Benton Avenue, and thence north along the latter for several blocks, crossing Lyndale and Wilder Avenues. After leaving the limits of the city, the line extends to the State Fair grounds, situate to the northwest. The collision occurred near the intersection of Benton and Wilder Avenues. Benton Avenue is seventy-six feet in width. The railway at this point has a double track. The space between the outer rail of the track to the east and the curb of the sidewalk is sixteen feet and ten inches. For several hundred feet to the south the avenue is perfectly straight and to the point at which the collision oc-

curred, is nearly level, its grade being 1.51 per cent down toward the north. The plaintiff narrated the circumstances of the accident as follows: During the afternoon of Saturday, September 28, 1912, she was proceeding along Benton Avenue, intending to go to the State Fair grounds to purchase vegetables from the owners of some of the collections of farm products which had been on exhibition at the State Fair during the preceding days of the week. Her wagon was a light spring wagon drawn by a single horse. Cars were passing at short intervals in both directions, and also many vehicles carrying passengers to and from the Fair grounds. After passing Lyndale Avenue the plaintiff overtook a heavy wagon loaded with coal moving along the east side of the street. Being anxious to reach the Fair grounds and observing that the street beyond the coal wagon was free from passengers, she undertook to pass this wagon by driving to the left between it and the car track. Whether the space between the wagon and the track was of sufficient width to permit her to pass without getting upon or in dangerous proximity to the track does not distinctly appear; perhaps the evidence furnishes ground for an inference that she could barely pass with safety. As she was turning in near the track, having slowed her horse down to a walk, she heard the clang of the bell of a car coming from the south, and attempted to turn to the right, but before she could do so the car caught the front wheel of the wagon, with the result that she was thrown from her seat into the body of the wagon by the shock of the collision, suffering the injuries complained of. The wagon was not overturned, the injury done to it being the breaking of the wheel and body, and a part of the coupling gear.

The complaint is prolix and contains much repetition. It is alleged, in substance, that plaintiff, in her haste to reach the Fair grounds, was wholly absorbed in her purpose to accomplish her mission, so far so that she did not observe the approach of the car from behind; that being wholly oblivious of her surroundings she unconsciously put herself in a position of peril

by driving directly in the way of the car; that the defendant Vickery saw the peril of the plaintiff and also that she was wholly unconscious of her condition; and that he nevertheless, by not having the car under control and by permitting it to run at a dangerous rate of speed, negligently and recklessly brought it into collision with plaintiff's wagon.

The defendants by separate answers admitted that plaintiff was injured by the collision as alleged, but by way of denials and counter-averments tendered issue upon all the allegations imputing negligence to them. At the close of plaintiff's evidence the defendants moved the court to direct a verdict in their favor. Pending argument on the motion, counsel for plaintiff requested permission to introduce additional testimony which they deemed material. The request was denied. Thereafter defendant's motion was sustained and judgment ordered accordingly. The plaintiff has appealed from the judgment and an order denying her motion for a new trial.

Counsel for defendants has made the point that, however erroneous may have been the action of the court in directing [1] a verdict, this court may not review it because the complaint does not state facts sufficient to constitute a cause of action. The contention that the complaint is bad is not well made. If this were the case, defendants would be entitled to an affirmance of the judgment and order without further consideration of the appeals. (*Tracy* v. *Harmon*, 17 Mont. 465, [2] 43 Pac. 500; *Shober* v. *Blackford*, 46 Mont. 194, 127 Pac. 329.) We shall consider the argument of counsel in this behalf only so far as to remark that it is not the law, as counsel seems to think, that the allegation that plaintiff, being oblivious of her surroundings, unconsciously put herself in peril by driving directly in the way of the car, is conclusive of her right to recover. Whatever may have been her negligence in this regard, it was nevertheless incumbent upon the defendant Vickery to keep a constant lookout ahead and around for other passengers and vehicles passing along the street, and to use all reasonable care to avoid collision with them. All other per-

sons have a right to the use of a highway in common with the railway company, and since it, and not the casual passenger, is controlling and propelling over it its cars—which are instruments of danger—the duty is cast upon its agents to exercise constant care and watchfulness to avert injury to other persons, even though such persons may become heedless of their surroundings and for this reason get in the way of danger. The duty to discover the perilous situation is commensurate with the duty to avert injury, and when diligence and care in either respect is relaxed and injury results, liability attaches. (*Flaherty* v. *Butte Electric Ry. Co.*, 43 Mont. 141, 115 Pac. 40; 2 Thompson on Negligence, sec. 1476). Any other rule would exonerate the railway company from liability in every case unless it could be made to appear that the motorman actually saw the peril of the passenger and then failed to exert his efforts to avert the collision. In every such case, therefore, the inquiry is: Did the motorman exercise care and watchfulness to discover the peril of the passenger, and did he promptly make use of all the appliances available to avert the injury?

Counsel for plaintiff have assigned error upon several rulings of the court in excluding evidence, and discussed some of them somewhat at length in their brief. We shall not give special notice to any of them, for the reason that such of the excluded evidence as was of substantial value afterward found its way into the case, while that which was finally excluded could not have strengthened plaintiff's case as made.

As we view the evidence as a whole, it was insufficient to make a case for the jury. The case stated in the complaint is that [3] the plaintiff, being wholly oblivious of her surroundings, unconsciously put herself in a position of peril, and that the motorman, having observed her condition, failed to exercise care to prevent a collision. The plaintiff was the only witness who testified as to what the conditions were at the moment of the catastrophe. She had not observed the approach of the car. How near it was at the moment she turned toward the track, she did not state. At what rate of speed it was going did not ap-

pear.  Whether it stopped at the moment of the collision or by the force of its own motion passed beyond that point did not appear.  The plaintiff did not hear the bell until the moment the collision occurred.  There was no suggestion that the motorman did not have his car under full control or was not going at a lawful rate of speed, or that he did not ring the bell so as to give proper warning before plaintiff turned toward the track, or immediately at that time; for in view of her statement in her complaint that she was wholly unconscious of her surroundings, any statement that she did not hear the bell until the moment of the collision did not tend to show that the motorman did not give timely warning.  Evidently, until she turned to the left to pass the coal wagon, she was not in the line of danger, and the motorman was not bound to anticipate that she would turn from the place of safety until she began to do so; and so far as anything to the contrary appears, it was then too late for the motorman to avert the collision.  He may have been so near when she turned toward the track, that the prompt use of the most approved appliances could not have prevented the collision. Under the rule applicable in this class of cases as stated above, some lapse of duty must have been made to appear before liability could attach; otherwise the happening of an accident resulting in injury to a passenger would be sufficient to make out a *prima facie* case of liability, thus making the railway company an insurer of the safety of every passenger upon the streets from injury by its cars while they are in motion.  Under the facts as proven, the question whether the motorman was at fault, or whether the accident was attributable entirely to the want of attention on the part of plaintiff, was left altogether to speculation.  This condition of the evidence did not require a submission of the case to the jury; hence a verdict for the defendants was properly directed.

Nor did the court err in refusing to reopen the case for the introduction of additional evidence offered on behalf of plaintiff, as counsel contend.  One Ludwick, an experienced motorman called by the plaintiff, was questioned and answered as

follows: "Q. Then, if you were running with the slack in the brake taken up, and you saw danger ahead, and you had a light car, just what have you got to do to stop it? A. While he [the motorman] is approaching and sees the danger, he prepares for an emergency stop by turning off the current and reversing. Q. How long does that take? A. An instant." As appears from the affidavit of counsel in support of their motion to reopen the case, the answer of the witness was understood by them to refer to the time required to bring a car to a full stop under conditions theretofore hypothetically stated. The purpose of having the case reopened was to have the witness state that under the conditions named, the car could have been brought to a full stop within six feet. The conditions hypothetically stated to the witness had not been then, nor were they thereafter, disclosed by the evidence, except that it had appeared that Benton Avenue is nearly level, that the car was a light car, and that it could properly be assumed from the plaintiff's statements of the circumstances of the accident that the defendant Vickery had, some distance (not stated) from the point of collision, seen that plaintiff had gotten within the danger line.

The reopening of a case for the introduction of further [4] evidence after it has been closed is within the discretion of the trial court. Its ruling upon the request to reopen will not be disturbed by the appellate court, unless there has been a clear abuse of discretion. (*Alderson* v. *Marshall,* 7 Mont. 288, 16 Pac. 576; *Schilling* v. *Curran,* 30 Mont. 370, 76 Pac. 998.)

Now, let it be assumed that the court had granted the request of counsel and admitted the evidence; in what respect was [5] plaintiff's case as made aided by it? There was nothing in the evidence to show or tending to show that the defendant Vickery did not bring the car to a full stop within the distance named by Ludwick, after it became apparent that plaintiff had come within striking distance of the car. Every-day experience teaches that a heavy body, such as a street railway car—even a

light one—when moving at a very moderate rate of speed produces a considerable amount of shock, entirely sufficient to break or overturn an ordinary vehicle coming in contact with it and to injure the occupants by causing them to be thrown and perhaps to fall. So far as the evidence discloses, the motorman did everything in his power to avert the collision; and since the offered evidence did not tend in any way to show the contrary, the court did not err in refusing to reopen the case to admit it. There was nothing before it calling for the exercise of discretion.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.

Rehearing Denied January 6, 1915.