WIBAUX IMPROVEMENT CO., RESPONDENT, *v.* BREITENFELDT, COUNTY TREASURER, APPELLANT.

(No. 5,194.)

(Submitted April 26, 1923.  Decided May 7, 1923.)

[215 Pac. 222.]

*Cities and Towns—Taxation—Limit of Power—Statutes and Statutory Construction.*

Cities and Towns—Taxation for General Purposes—Conflict of Statutes —Later Act Controlling.
    1.  Section 5194, Revised Codes of 1921, provides that towns may levy taxes for general municipal purposes, not to exceed ten mills on the assessed value of their taxable property.  Under Chapter 51, Laws of 1919 (secs. 1999, 2000, Rev. Codes 1921), the "taxable value" of property of different classes is fixed at a certain percentage of the assessable value, that of real property being fixed at thirty per cent of its assessed value.  Defendant town assumed to levy a tax of twenty mills, contending that on the value as fixed by Chapter 51 the tax so imposed did not exceed ten mills on the assessed value as fixed by section 5194.  *Held*, in an action to recover taxes paid on real property under protest, that section 5194 and Chapter 51, being in irreconcilable conflict, and such Chapter being the later enactment, is controlling to the extent of the repugnancy, that the taxable value as fixed by the Chapter, and not the assessed value fixed by section 5194, is the standard prescribed for computing taxes, and that therefore the tax in excess of ten mills on the dollar of taxable value was invalid.

Same—Extent of Powers.
    2.  A city or town has only such authority as is conferred by law, either in express terms or by necessary implication; and, whenever there is a reasonable doubt as to the existence of a particular power, the doubt will be resolved against the municipality and the right to exercise it withheld.

Statutory Construction—Intention of Legislation to be Given Effect.
    3.  In the construction of a statute the intention of the legislature must be given effect, if possible.

Delegation of power of taxation to municipal authorities, see notes in 15 L. R. A. (n. s.) 62; 32 L. R. A. (n. s.) 1078.

*Appeal from District Court, Wibaux County; Frank P. Leiper, Judge.*

ACTION by the Wibaux Improvement Company against W. A. Breitenfeldt, as Treasurer of the County of Wibaux, to recover taxes paid under protest. Judgment for plaintiff and defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Elmer W. Cowee* and *Mr. C. C. Hurley,* for Appellant.

*Mr. Stephen J. Leahy,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

At 12 o'clock noon on the first Monday of March, 1921, the Wibaux Improvement Company owned property in the town of Wibaux, consisting of town lots with the improvements. This property was duly assessed for the year 1921 and a valuation of $32,000, in round numbers, placed thereon. In July, 1921, the town council· of Wibaux passed a resolution assuming to levy a tax of twenty mills on each dollar of valuation of the taxable property within the town for general municipal purposes. The resolution was certified to the county clerk, who extended the tax on the assessment-roll, computing it upon thirty per cent of the assessed value of the property first mentioned. The town tax upon that property as thus computed amounted to $192, and this amount was demanded by the county treasurer as collector of taxes for the town. The tax was paid under protest, and this action was commenced to recover $96, which it was alleged was unlawfully exacted. A general demurrer to the complaint was interposed and overruled, and defendant, declining to plead further, suffered judgment to be entered against him and appealed.

Section 5194, Revised Codes of 1921, provides in effect that [1] in every town of this state the amount of taxes to be

levied for general municipal purposes shall not exceed ten mills on the assessed value of the taxable property in the town. Section 5195 provides that an additional levy of five mills may be imposed when authorized by a vote of the taxpaying freeholders of the town, but it is conceded that such authority was not given in this instance. Counsel for defendant contend that under section 5194 the town of Wibaux was entitled to collect a tax of ten mills on $32,000, the assessed value of plaintiff's property, and since the tax had to be computed on only thirty per cent of the assessed value under Chapter 51, Laws of 1919 (secs. 1999 and 2000, Rev. Codes 1921), it was permissible for the town to increase the rate proportionately in order to accomplish that purpose. As a mere matter of policy, the argument might be considered plausible if addressed to the legislative assembly, but the question before this court is one of municipal power and not one of public policy. There is not [2] any principle of law more firmly established than this: That a city or town in this state has only such authority as is conferred by law, either in express terms or by necessary implication, and whenever there is a reasonable doubt as to the existence of a particular power the doubt will be resolved against the municipality and the right to exercise the power will be withheld. (*Sharkey* v. *City of Butte,* 52 Mont. 16, 155 Pac. 266.)

In conformity with the provisions of section 4, Article XII, of our Constitution, the legislature by section 5194 conferred upon the cities and towns of this state authority to levy and collect taxes for municipal purposes, but it granted the authority in such terms and under such restrictions and with such limitations as it chose to select. It fixed ten mills as the limit beyond which a town may not go in imposing taxes for general municipal purposes except in response to a favorable vote of the qualified electors as indicated in section 5195. But it is argued that in limiting the permissible rate to ten mills the legislature also declared that the basis for computing taxes at that rate should be the assessed value of the taxable property,

hence by imposing taxes at the rate of twenty mills upon thirty per cent of the assessed value of plaintiff's property the town did not exceed ten mills upon the full amount of its assessed value. The argument is ingenious, but not persuasive. Section 5194 was enacted many years ago, and from the date of its enactment until 1919 there was but one standard by which the assessment and taxation of property could be measured. All taxes were computed upon the assessed value of property, which was presumed to be the full cash value, though in fact it was not. It was notorious that property generally was assessed at much less than its full cash value; but notwithstanding this fact the assessed value as determined by the assessors and boards of equalization became the value fixed by law as the basis upon which taxes were to be computed. The disparity in the valuation of different classes of property or of the same class in different counties gave rise to a demand for a new system under which a more equitable distribution of the burden of taxation might be had, and in response to that demand the legislature enacted Chapter 51, Laws of 1919 (secs. 1999, 2000, Rev. Codes 1921). The purpose of that legislation was "to remove the temptation to dishonesty in returning property for assessments; to shift the burden of taxes from property, as such, to productivity, or, in other words, to impose the burdens of government upon property in proportion to its use, its productivity, its utility, its general setting in the economic organization of society, so that every one will be called upon to contribute according to his ability to bear the burdens, or as nearly so as may be, and to relieve administrative officers from the apparent necessity of continuing the legal fiction of full valuation in the face of contrary facts." (*Hilger* v. *Moore,* 56 Mont. 146, 182 Pac. 477.) In order to reach the desired end, all taxable property was divided into seven classes, and property in every class was made subject to taxation upon a fixed percentage of its assessed value. Under section 5194 assessed value and taxable value meant the same thing.

By enacting Chapter 51, above, the legislature defined "taxable value" to mean that percentage of the assessed value indicated by the scale found in section 2000. It is a fundamental [3] rule of statutory construction that the intention of the legislature must be given effect, if possible. (Sec. 10520, Rev. Codes 1921; *Bennett* v. *Meeker,* 61 Mont. 307, 202 Pac. 203.) There cannot be a doubt as to the intention of the legislature in enacting Chapter 51, above. In terms the meaning of which cannot be questioned, the lawmakers substituted a new standard as the basis upon which taxes should be computed thereafter for the standard prescribed by prior statutes, including section 5194, and this was accomplished by giving to the term "taxable value" a definition different from that which it had borne theretofore.

By section 5194 the legislature had declared that within the prescribed limits, city and town taxes should be computed upon the full amount of the assessed value of the property. By chapter 51 the same authority declared that thereafter all taxes should be computed upon the percentage of assessed value as indicated in section 2000. Both of these legislative declarations cannot stand. They are in irreconcilable conflict, and since Chapter 51 is the later enactment it must prevail to the extent of the repugnancy. (*State ex rel. Wynne* v. *Quinn,* 40 Mont. 472, 107 Pac. 506; *Wilkinson* v. *La Combe,* 59 Mont. 518, 197 Pac. 836.)

A single example will serve to fortify our position: Under the system in vogue in this state prior to 1919, taxes were imposed upon the net proceeds of mines and upon town lots according to the theoretical cash value of each of these classes of property. Under section 2000 above, net proceeds of mines are now taxable upon 100 per cent of their full cash value; whereas, town lots are taxable upon only thirty per cent of their full cash value. If the contention of counsel for defendant be accepted, the town of Wibaux can impose a tax levy of twenty mills upon thirty per cent of the full cash value of town lots, and by the same token it may impose a tax

of twenty mills upon 100 per cent of the full value of the net proceeds of mines, if any such property is within its jurisdiction, with the result that the prohibition contained in section 5194 becomes meaningless, the very purpose of Chapter 51, above, is defeated, and the intention of the legislature is circumvented. On the other hand, by holding that the effect of Chapter 51 is to amend section 5194 by substituting for the term ''assessed value,'' used therein, ''taxable value'' as defined by section 2000, as the value fixed by law as the basis upon which taxes are to be computed, then the other provisions of section 5194 and the provisions of sections 1999 and 2000 are harmonized, and the intention of the legislature in enacting Chapter 51, above, is respected and carried into effect. The Constitution does not prescribe the basis upon which property shall be taxed, and therefore the legislature was free to enact Chapter 51, above, and to declare that the valuation indicated by section 2000 should be the basis for computing all taxes; hence it is beyond the power of a town to impose taxes for general municipal purposes at a rate exceeding ten mills on the dollar of the taxable value of property unless authority to do so is specially conferred by a favorable vote of the qualified electors as provided in section 5195, and even then the limit is fifteen mills.

Under the facts stated, plaintiff was entitled to recover the taxes paid in excess of ten mills upon the taxable value of its property, and the court did not err in overruling the demurrer.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.