CITY OF BOZEMAN, RESPONDENT, *v.* MERRELL, APPELLANT.

(No. 6,174.)

(Submitted October 25, 1927. Decided November 28, 1927.)

[261 Pac. 876.]

*Cities and Towns — Public Nuisances — Ordinances — Punishment—Statutes.*

Cities and Towns—Ordinances—Invalidity—When Supreme Court will Determine Question Though not Presented on Trial of Case.
1. Where appellant, convicted of the violation of a city ordinance, contends that the complaint was insufficient to charge a public offense because of its invalidity, his contention is entitled to consideration even though the validity of the ordinance was

not questioned in the district court until motion in arrest of judgment was made.

Same — Liquor Nuisance — Ordinance not Rendered Void by Repeal of Liquor Law.
2.   Repeal of the state liquor laws by popular vote did not of itself render void a city ordinance (enacted prior to such repeal) declaring one unlawfully in possession of intoxicating liquor guilty of maintaining a nuisance; and since the state has not by law authorized liquor traffic, and under the federal Constitution and the Volstead Act cannot do so, such an ordinance cannot be said to be in conflict with the state Constitution and statutes and void for that reason.

Same — Violation of Ordinance — When Municipality may not Impose Penalty of Imprisonment.
3.   Unless the power is expressly conferred, a municipal corporation cannot inflict the penalty of imprisonment upon an offender for a violation of an ordinance.

Same—Powers.
4.   A municipality has only such authority as is expressly conferred by statute or necessarily implied from that granted, or is indispensable for the proper accomplishment of the purposes of its organization, and where there is a doubt as to the existence of a particular power, the doubt must be resolved against its exercise.

Same—Nuisances—Punishment—Ordinances—Statute Controlling.
5.   Under the rule of statutory construction that a specific provision is paramount to a general one, *held*, in a prosecution for maintaining a nuisance, that the specific provision of subdivision 33 of section 5039, Revised Codes 1921, empowering a city to impose a fine upon persons maintaining a nuisance, is controlling, as against the power conferred by subdivision 48 to impose fines and penalties for the violation of a city ordinance generally, up to ninety days in jail.

Same—Extent of Powers Under Commissioner-manager Plan of Government.
6.   *Held*, that the powers of a city operating under the commissioner-manager plan granted by section 5409, Revised Codes, with respect to punishments of violations of its ordinances, are the same as and no greater than those granted by section 5039 to cities generally.

Same—Ordinance Void in Part—Effect on Remaining Portion.
7.   An ordinance void in part only may be rendered valid by striking therefrom the invalid portion.

Criminal Law—Excess of Punishment—Effect on Judgment of Conviction.
8.   The mere fact that the trial court in excess of jurisdiction sentenced defendant, convicted of violation of an ordinance, to

---

3.   Validity of ordinance imposing different penalty for violation of liquor law, see note in 110 **Am. St. Rep.** 156.
4.   See 19 **R. C. L.** 768.
8.   Validity of sentence differing from that authorized by law, see note in 55 **Am. St. Rep.** 264. See, also, 8 **R. C. L.** 239. Effect of excessive sentence, see notes, in 45 **L. R. A.** 137; 51 **L. R. A.** (n. s.) 373. See, also, 8 **R. C. L.** 238.

[81 Mont. 19.]

a term in the county jail in addition to payment of a fine, whereas it could impose a fine only, would not warrant reversal of the judgment but would require only recommitment for resentence.

Cities and Towns—Validity of Ordinance—To be Determined by What.
9. The validity of an ordinance, like that of a statute, must be determined, not by what has been done under it, but by what may be done under its terms.

Same—Liquor Nuisances—Reputation of House—Evidence—Inadmissibility.
10. In a prosecution for maintaining a nuisance by way of possession of intoxicating liquor, proof of the general reputation of the house in which it was charged to have been kept as a place where liquor was sold was inadmissible.

Same—Public Nuisance—What Does not Constitute.
11. Under section 8643, Revised Codes, a public nuisance is one which affects an entire neighborhood or community or any considerable number of persons. Defendant was charged with maintaining such a nuisance because of his possession of a pint of moonshine liquor in his dwelling-house. No proof was made showing a single sale or attempted sale. The liquor was discovered by a search of the premises made without information that it was there. *Held*, that defendant's alleged act did not constitute a public nuisance, since the possession of so small an amount of liquor could not endanger the public health, safety, peace or comfort of the whole community or a considerable number of people.

[1] Criminal Law, 16 C. J., sec. 2773, p. 1253, n. 31.
[2] Intoxicating Liquors, 33 C. J., sec. 76, p. 526, n. 40.
[3–5] Municipal Corporations, 43 C. J., sec. 187, p. 189, n. 24, p. 190, n. 28, 29; sec. 192, p. 196, n. 2; sec. 283, p. 267, n. 70, 71; sec. 531, p. 409, n. 65. Statutes, 36 Cyc., p. 1151, n. 57.
[6] Municipal Corporations, 43 C. J., sec. 273, p. 263, n. 6 New.
[7] Municipal Corporations, 43 C. J., sec. 854, p. 547, n. 18; sec. 860, p. 552, n. 74.
[8] Criminal Law, 17 C. J., sec. 3758, p. 371, n. 51.
[9–11] Intoxicating Liquors, 33 C. J., sec. 76, p. 526, n. 39; sec. 79, p. 528, n. 53; sec. 496, p. 755, n. 43; sec. 522, p. 770, n. 21, p. 771, n. 37. Municipal Corporations, 43 C. J., sec. 219, p. 216, n. 16; sec. 520, p. 403, n. 66; sec. 853, p. 546, n. 13. Statutes, 36 Cyc., p. 1069, n. 11 New.

*Appeal from District Court, Gallatin County; B. B. Law, Judge.*

OSCAR MERRELL was convicted under an ordinance of the City of Bozeman of maintaining a nuisance, and appeals. Reversed and remanded, with directions to dismiss the complaint.

9. Effect of partial invalidity of statute, see notes in **Ann. Cas.** 1916D, 9, 104, 127, 136, 139, 158, 171; **Ann. Cas.** 1918D, 1123.
11. What are public nuisances, see note in 107 **Am. St. Rep.** 195. See, also, 10 **R. C. L.** 384.

*Mr. Roy M. Keister* and *Mr. W. S. Hartman,* for Appellant, submitted a brief; *Mr. Hartman* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, and *Mr. George D. Pease,* for Respondent submitted a brief; *Mr. Choate* and *Mr. Pease* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In February of this year a complaint was lodged in the police court of the city of Bozeman, charging that Oscar Merrell and Josephine Merrell, his wife, did theretofore "wilfully and unlawfully possess and sell moonshine whisky, *  *  * an intoxicating liquor, *  *  * and by reason thereof *  *  * were guilty of maintaining a nuisance, *  *  * in violation of section 1 of Ordinance 526 of the city of Bozeman, entitled 'An ordinance for the police control and suppression of the liquor traffic within the city of Bozeman, pursuant to the statutes of the United States and of the state of Montana declaring such traffic to be a nuisance.' "

The defendants were convicted in the police court and fined $100 each. They appealed to the district court and furnished an appeal bond in the penal sum of $400, conditioned that the defendants would yield themselves for judgment in the district court and, if there convicted, would pay the amount of the fine imposed in the police court or such part thereof as the district court might direct. On the day the case was called for trial in the district court, Josephine Merrell withdrew her appeal and paid her fine; Merrell was convicted and sentenced to serve ninety days in jail and pay a fine of $200, and be imprisoned "until the fine be paid at the rate of one day for each two dollars of such fine," and thereupon judgment was entered against his bondsmen for the sum of $100. At the appropriate times defendant moved to dismiss, moved in arrest of judgment, and moved for a new trial, all of which motions were overruled.

Defendant has appealed from the judgment and from the order overruling his motion for a new trial. His contentions are: (1) That the complaint is insufficient in law to support the judgment and does not charge a public offense, in that the ordinance on which it is predicated is void; (2) that the city had no authority in law to fix the penalty for the maintenance of nuisances other than a fine; (3) that the court was without authority to impose a jail sentence; and (4) that the court erred in entering judgment against the sureties on defendant's appeal bond. Error is assigned on other grounds but need not be considered, upon the disposition made herein.

1. The validity of the ordinance was not questioned by de-
[1]  fendant until the motion in arrest of judgment was made, but the challenge was timely and requires our consideration. *(Cole* v. *Helena Light & Ry. Co.,* 49 Mont. 443, 143 Pac. 974; *Lepley* v. *City of Fort Benton,* 51 Mont. 551, 154 Pac. 710.)

2. Section 1 of the ordinance reads, in part: "Every person
[2]   *   *   *   who, within the city of Bozeman, Mont., pos-
sesses, sells, exchanges, gives, barters, transports or manu-
factures any intoxicating liquor   *   *   *   shall be guilty of maintaining a nuisance," etc.   Section 4 provides that on con-
viction such person "shall be fined in any sum not exceeding three hundred dollars, or by imprisonment   *   *   *   not more than ninety days, or by both such fine and imprisonment; pro-
vided, that if the fine is not paid the person convicted shall be imprisoned in the city or county jail until fine be satisfied at the rate of one day's imprisonment for every two dollars of such fine."

This ordinance was passed in 1922, at which time the laws of this state declared that "no person   *   *   *   shall manu-
facture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized" etc. (sec. 11049, Rev. Codes 1921), and that "any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered," in violation of the Prohibition Law, "and all intoxicating liquor and prop-

erty kept and used in maintaining the same, is hereby declared to be a common nuisance'' (sec. 11066, Id.), and ''any person who shall, with intent to effect a sale of liquor,   *   *   * keep or carry around on his person, or in a vehicle, or other conveyance whatever, or leave in a place for another to secure, any liquor, or who shall travel to solicit'' orders for liquor, ''is guilty of a nuisance'' (Id., sec. 11068). These sections were repealed by a vote of the people on November 2, 1926.

Counsel for the defendant assert that, if the ordinance derived any force from these provisions, it fell with the repeal of the statutes and that, under the Constitution and statutes of Montana, as they existed on February 26, 1927, the date of the alleged misconduct of the defendant, ''it was entirely permissible for any person to have liquor in his possession, and an ordinance prohibiting acts permitted by statute and the Constitution is null and void.''

It is true that an ordinance in conflict with the Constitution or a statute of the state is void (*State ex rel. City of Butte* v. *Police Court,* 65 Mont. 94, 210 Pac. 1059), but counsel are in error in assuming that, by the repeal of the prohibition laws of this state, permission was extended to the people to keep or possess contraband liquor or that an ordinance for the ''suppression of the liquor traffic in the city'' would be in *conflict* with the statutes of the state or any provision of our Constitution.

We have no provision authorizing such traffic with which the ordinance could conflict and, if we had, it would be void as in contravention of the Constitution of the United States. Regardless of what Montana has done in the matter, we still have the Eighteenth Amendment and the Volstead Act, under which paramount law the possession and sale of such liquor is made a crime and declared to constitute a nuisance.

3. However, while the city by ordinance might provide for the punishment of the crime of possessing intoxicating liquor within its jurisdiction, in spite of the fact that the state does not provide for such punishment, it does not follow that the

city may declare the mere possession of intoxicating liquor a public nuisance.

4. Counsel for the defendant contend that the city was not [3-5] authorized to provide imprisonment as a punishment for the creation of a nuisance and that, as the ordinance provides for both fine and imprisonment and the court imposed the dual penalty, the ordinance is void and the judgment invalid.

Unless the power is expressly conferred, a municipal corporation cannot inflict the penalty of imprisonment upon an offender for a violation of an ordinance. (2 McQuillin on Municipal Corporations, 1554.)

5. The statutory provisions creating a municipality are its charter of powers, and it has only such authority as is therein conferred expressly, or therefrom necessarily implied, or is indispensable in order properly to accomplish the purpose of its organization (*State ex rel. City of Butte* v. *Police Court,* above), and whenever there is a doubt as to the existence of a particular power, the doubt will be resolved against the municipality and the right to exercise that power withheld (*Wilbaux Improvement Co.* v. *Breitenfeldt,* 67 Mont. 206, 215 Pac. 222).

The general grant of powers to cities and towns in this state is contained in section 5039, Revised Codes of 1921. It contains eighty-two subdivisions expressly granting powers, of which subdivision 33 grants to the city the power to "define and abate nuisances, and to impose fines upon persons guilty of creating, continuing, or suffering a nuisance to exist on the premises which they occupy or control," while subdivision 48 grants the general power to "impose fines and penalties for the violation of any city ordinance," up to ninety days in jail or $300 fine, or both, for any one offense.

As subdivision 33 provides for a fine only in the specific instance of maintaining a nuisance, and subdivision 48 provides generally for punishment for violation of any city ordinance, the specific provision is paramount over the general, and must control. (*Kester* v. *Amon,* ante, p. 1, 261 Pac. 288.)

6. Counsel for the city, however, assert that, as the city is under the commissioner-manager form of government, its powers are granted by section 5409 of the Revised Codes of 1921 and therein the powers granted are an enlargement over those granted in section 5039, in respect to nuisances.

While section 5039 separately grants the several powers to cities and towns by dividing the section into appropriate subdivisions, the legislature has attempted to shorten the section on powers of cities under the commissioner-manager plan, by the condensation of all the powers into one section without subdivisions. Thus, where, in section 5039, the city is empowered specifically to prohibit, suppress, and prevent acts which would be detrimental to the general welfare of the inhabitants, including the abatement of nuisances, and these specific powers are covered by many subdivisions of the section, section 5409 covers all of these powers by declaring that the city coming under the commissioner-manager plan "may define, prohibit, abate, suppress, and prevent all things detrimental to the health, morals, comfort, safety, convenience, and welfare of the inhabitants * * * and all nuisances and the causes thereof," and closes with the declaration that "all such powers, whether expressed or implied, shall be exercised and enforced in the manner prescribed by this Act, or when not prescribed therein, in such manner as shall be prescribed by the ordinances or resolutions of the commission."

A careful comparison of the two sections shows no enlargement of powers in section 5409 over those contained in section 5039. While the former does not specifically empower the city to punish violations of its ordinances either by fine or imprisonment and the above-quoted portion refers only to the abatement, suppression and prevention of the acts referred to, it does provide that such municipalities "shall have all powers that now are or hereafter may be granted to municipalities by the Constitution or laws of Montana," and section 5407 provides that "all laws governing municipalities of like population and not inconsistent with the provisions of this

Act, shall apply to and govern municipalities organized under this Act." With these provisions enacted, section 5409 might well have been omitted.

It is apparent that cities coming under the commissioner-manager plan are governed, with respect to the punishment of violations of its ordinances, in the same manner and to the same extent as are those not coming under that plan, and that each thereof is only authorized to punish persons guilty of "creating, continuing, or suffering a nuisance to exist on the premises which they occupy or control" by the imposition of a fine.

7. The foregoing declaration does not, however, render the [7] ordinance void *in toto;* if it otherwise complies with the law, the ordinance may be held valid by striking therefrom the provision for imprisonment as a penalty. (2 McQuillin on Municipal Corporations, 1547.)

8. Likewise, the fact that a part of the court's judgment [8] and sentence was in excess of jurisdiction would not justify the reversal of defendant's conviction, if had under a valid ordinance, but would only require the recommitment of the defendant to the court for resentence. (*In re Lewis,* 51 Mont. 539, 154 Pac. 713.)

9. It is further contended that the ordinance is void, and [9–11] therefore the judgment cannot stand, for the reason that the ordinance authorizes a conviction on a charge of maintaining a nuisance on the allegation and proof alone of possession of intoxicating liquor.

"The validity of an ordinance, like the validity of a statute, is to be determined, not by what has been done under it, but by what may be done under its terms." (*State ex rel. City of Butte* v. *Police Court,* above.) Here it is not only manifest that a person may be convicted under the ordinance in question for the mere possession in his home of contraband liquor, but the defendant was, in fact, convicted because of the constructive possession of a pint of moonshine whisky found in a house owned by his wife, with whom he lived, in his absence therefrom

on a search thereof without information that liquor was there possessed, and when his wife testified that the liquor was brought to the house after defendant had left and that he never had knowledge of the fact, and under an instruction by the court that a conviction could be had on proof of possession alone and on the presumption that liquor found in the house occupied by the defendant with his wife, was possessed by the defendant. No proof was offered of sales of liquor, or even of a single sale.

10. It is true that the court permitted, over the defendant's objection, proof of the general reputation of the house as a place where liquor was sold, but in such a case as this that proof was inadmissible and cannot be considered in support of the judgment. (*State* v. *Peters,* 72 Mont. 12, 231 Pac. 392.) The case, therefore, squarely presents the question whether, under the laws of this state, a city can, by ordinance, define the mere possession of contraband liquor as a nuisance.

It will be noted that section 11049, above, prohibits the possession of liquor, while sections 11066 and 11068, defining nuisances, are directed against the traffic in liquor and not the mere possession; but even if those sections of our statutes could be held to authorize a conviction for maintaining a nuisance on proof of possession alone, they cannot now aid the ordinance in this particular, for they have been repealed and are as though they had never existed. We must therefore determine whether the ordinance conflicts with the statutes now in existence respecting nuisances.

11. While section 5039, above, authorizes the city to "define" nuisances, under the rule above that an ordinance cannot stand if in conflict with a state statute, such authority means no more than that the city may declare, in conformity with the statutes of the state, what shall constitute nuisances within the city limits.

Section 8642, Revised Codes of 1921, declares what are nuisances within the state, in the following language: "Anything which is injurious to health, or is indecent or offensive

to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street or highway, is a nuisance.''

''A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal'' (sec. 8643), and ''every nuisance not included in the definition of the last section is private.'' (Sec. 8644.)

The provisions of section 8642, above, are carried forward to the Penal Code as section 11231, Revised Codes 1921, and by section 11233 the maintenance of a *public nuisance* is declared to be a misdemeanor.

Nowhere in our statutes is an attempt made to declare the maintenance of a private nuisance a crime. The policy of the common law and of this state has always been to leave private injuries and controversies to adjustment in civil actions, and to this policy, as well as to the positive statutory enactments, must an ordinance conform if it is to be upheld. (2 McQuillin on Municipal Corporations, 1423.)

12. While a city might properly for ''the suppression of the liquor traffic'' provide by ordinance that the possession of contraband liquor constitutes a misdemeanor punishable by fine and imprisonment, under the above provisions of our law, it can only punish by fine the maintenance of those things which are of themselves injurious to or threaten the public health, safety, peace or comfort, or affect whole communities or neighborhoods or a considerable number of people. The mere possession of a small amount of contraband liquor, not with intent to dispose thereof, the discovery of which requires an entry into and search of the private home without information that there is liquor therein, cannot possibly have the effect, or

constitute the threat, contemplated by the statutes of this state regarding public nuisances.

13. Counsel for the city have cited two Oklahoma cases which they assert sustain their contention: *Ex parte Simmons,* 4 Okl. Cr. 662, 112 Pac. 951; *Cumpton* v. *City of Muskogee* (Okl. Cr. App.) [not in State Reports], 225 Pac. 562. Counsel confuse ordinances declaring possession a crime and those defining a nuisance; the ordinances considered in these cases are in the former class; each would be sustained by this court under what has been said above, but the decisions are not in point here. Counsel have cited no case, and we have found none, wherein an ordinance, defining the possession of liquor alone as a nuisance, has been upheld; such a decision in this state would be contrary to our express statutes on the subject and the police power of the state. As the ordinance under consideration is such a one, we are compelled to hold it to be void.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Gallatin county, with direction to dismiss the case, discharge the defendant and exonerate his bondsmen.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.