RALEIGH KRAFT, Plaintiff and Respondent, v. ALBERT PATTYN, Defendant and Appellant.

No. 9815.

Submitted April 14, 1959. Decided July 20, 1959.

Rehearing Denied September 1, 1959.

342 Pac. (2d) 1063.

Colgrove & Brown, Miles City, Gene Huntley, Baker, for appellant.

Bruce M. Brown, Miles City, argued orally.

Bert W. Kronmiller and Douglas Y. Freeman, Hardin, for respondent.

Douglas Y. Freeman, argued orally.

MR. JUSTICE ANGSTMAN:

This action was upon a promissory note in the sum of $2,275. Like the answer in 342 Pac. (2d) 1060, the defendant in his answer in this case admits that his signature appears on the note in question, but denied that he delivered and executed to

plaintiff a note for $2,275, and alleged the fact to be that he is not indebted to plaintiff in the sum of $2,275 but only owes him an amount not in excess of $800.

The answer also contained two affirmative defenses. The first was predicated upon fraud in procuring the signature of the defendant while in an extremely intoxicated condition and upon representations that he was merely signing a card for the purpose of keeping a record of what the defendant buys in plaintiff's place of business.

The second affirmative defense was that defendant had paid plaintiff the sum of $1,200 in May 1954, and that the indebtedness was thereupon reduced to approximately the sum of $800, and hence there is a failure of consideration for the note set out in the complaint.

As in the companion case, the plaintiff moved that defendant be required to elect upon which of the defenses he would stand. The motion was granted and the defendant elected to stand upon the defense of fraud.

What we have said in the companion case as to the propriety of the court's action in sustaining this motion is applicable here also. The court erred in sustaining that motion and in requiring the defendant to elect upon which of the defenses he would rely. He was entitled to rely upon both.

This case differs from the companion case in this, to-wit:

That while defendant introduced some evidence to the effect that he only owed approximately $800, nevertheless he was prejudiced by the ruling of the court in sustaining the motion to elect by virtue of the fact that the court refused to submit the issue to the jury as to whether the amount named in the note could be reduced by the jury. The court expressly refused to submit that type of verdict to the jury, and on this subject stated:

"The defendant having requested the court to submit a verdict to the jury whereby the jury could return a verdict in favor of the plaintiff and against the defendant in the sum of $800 besides interest, all in accord with the offer to confess

574

judgment heretofore made by the defendant, in order to make a record and to protect the rights of the defendant by virtue of such verdict, the court refuses to submit such verdict to the jury.''

Hence, it follows that this defendant has not had his cause submitted to the jury as was true in the companion case.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, concur.

MR. JUSTICE BOTTOMLY: (specially concurring).

I agree that the district court judgment should be reversed and the cause remanded for a new trial.

MR. JUSTICE ADAIR: (specially concurring).

I concur in the result reached in the majority opinion, but not in all that is said therein.