RALEIGH KRAFT, PLAINTIFF AND RESPONDENT, v. JOHN PATTYN, DEFENDANT AND APPELLANT.

No. 9816.

Submitted April 14, 1959. Decided July 20, 1959.

Rehearing Denied September 1, 1959.

342 Pac. (2d) 1060.

MR. JUSTICES BOTTOMLY and ADAIR, dissented.

Colgrove & Brown, Miles City, Gene Huntley, Baker, for appellant.

Bruce M. Brown, Miles City, argued orally.

Bert W. Kronmiller and Douglas Y. Freeman, Hardin, for respondent.

Bert W. Kronmiller, Hardin, argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal from a judgment entered upon a verdict in favor of plaintiff.

The complaint alleges the execution and delivery by defendant of a promissory note in the sum of $4,100 payable to plaintiff on demand, and that demand for payment was made and refused. Prayer was for judgment for principal and interest on the note, attorney's fee of $510 and costs of action.

The amended answer of defendant admits his signature upon the note but denies its execution and delivery; denies that he promised to pay plaintiff the sum of $4,100; alleges that he is not indebted to plaintiff in the sum of $4,100 but only owes him an amount not in excess of $800. Two affirmative defenses were contained in the amended answer.

The first affirmative defense alleged that while defendant was in an intoxicated condition plaintiff presented him with what he called a card and asked him to sign it stating that it was only for the purpose of keeping a record of what de-

fendant buys at plaintiff's bar; that defendant had developed the utmost confidence in plaintiff and reposed trust in him; that, in truth and in fact, the card which plaintiff presented to defendant and asked him to sign was the note in question here; that defendant relied on the representations of plaintiff and signed the note while too intoxicated to either read or understand the legal effect of the note and that plaintiff thus practiced a fraud on defendant in procuring his signature on the note.

As a second affirmative defense the answer alleged that for sometime prior to the date of the note in question, plaintiff extended credit to defendant and defendant gave to plaintiff from time to time, as such credit was extended, checks drawn on the Big Horn County State Bank, which checks plaintiff agreed to hold and not cash; that defendant on May 22, 1954, paid to plaintiff the sum of $1,450, which paid plaintiff in full for all "hold checks" plaintiff then held; that defendant is not indebted to plaintiff in the sum set forth in the note and that there is a partial failure of, and insufficient consideration for the note, in that plaintiff's claim is based upon "hold checks" for purchases made both before and after May 22, 1954, and that according to defendant's best knowledge he does not owe plaintiff any sum in excess of $800 for purchases made since May 22, 1954.

On plaintiff's motion certain allegations in the answer were stricken. The propriety of the court's action in so doing need not be considered.

The reply put in issue all of the material allegations contained in the answer except that plaintiff admits the payment of $1,450 by defendant on May 22, 1954, but denies that it was in full for all "hold checks" that plaintiff then held, and plaintiff admits that he extended credit to defendant as alleged and that defendant issued "hold checks" drawn on the Big Horn County State Bank for such credit as it was advanced.

After plaintiff had introduced evidence in support of his cause of action and had rested his case, and before defendant's

counsel made his opening statement to the jury, plaintiff made a motion to require defendant to elect upon which of the defenses he would rely.

The motion pointed out that the first part of the answer, being the part containing admissions and denials, denied execution and delivery of the note, whereas the two affirmative defenses which rely on fraud and failure of consideration of necessity admitted its execution and delivery. The motion was sustained. Defendant thereupon elected to stand upon his first affirmative defense, being the defense of fraud. Counsel however, in making the election, announced his position as being that he could show a want of consideration also as a part of the alleged fraud.

The principal contention on appeal is that the court erred in sustaining plaintiff's motion to require defendant to elect upon which defense he would rely. There is merit in defendant's contention. The defenses are not inconsistent. Proof of one does not negative the existence of the other. The pleading must be read and considered in its entirety. Stagg v. Stagg, 96 Mont. 573, 32 Pac. (2d) 856.

The denial that the note was executed and delivered by defendant, coupled with the admission that it bore his signature, must be read and considered with the facts set forth in the affirmative defenses which tend to explain. Stagg v. Stagg, supra.

When so read and considered, defendant evidently meant that the note for $4,100 was never executed and delivered, by reason of the facts alleged in the affirmative defenses. If those facts were established to the satisfaction of the jury, then recovery would be limited to $800 and in legal effect a note in that amount only was executed and delivered. There is authority that the denial of execution and delivery of an instrument is inconsistent with a separate defense which admits the execution of the instrument. See 1 Bancroft's Code Pleading, section 257, page 414, and International Harvester Co. v. Merry, 60 Mont. 498, 199 Pac. 704.

Here however defendant admitted that his signature was affixed to the note. This, coupled with the two affirmative defenses, would imply that the note was executed and delivered and the denial to the contrary would have to be considered as surplusage. This is evidently the way the trial judge viewed the case because the election which was actually made did nothing to remove the inconsistency if such it were.

Were there merit in plaintiff's contention that defendant in one statement denied execution and delivery of the note, and in the other admitted its execution and delivery, that circumstance was not obviated by the election made. That objection, if good, existed after the election as well as before unless we treat the denial of the execution and delivery of the note as surplusage, or unless the election be deemed equivalent to an abandonment of the denial of the execution and delivery of the note. Evidently counsel for defendant interpreted the court's action as requiring an election between the two affirmative defenses. When the answer is read and considered in its entirety, it does not contain inconsistent defenses and was not subject to a motion to require an election.

Plaintiff contends that even if it were error for the court to compel the election it was harmless error since defendant actually submitted proof covering both of the affirmative defenses. There is merit in this contention.

The record discloses that whenever plaintiff gave defendant money defendant would give plaintiff a signed check called by the parties a "hold check." Defendant signed all of such checks being in small amounts, usually in sums of $5 or $10. Defendant showed that he paid $900 on this indebtedness in 1952, $1,100 in 1953, and $1,450 in 1954. Plaintiff testified that when payments were made on the indebtedness by defendant, checks in the amount of each payment were returned to him. Defendant denied that any checks were ever returned to him when he made payments, and testified that when he signed the note involved here he only owed plaintiff $700 or $800.

Thus defendant was permitted to testify to all the facts

pleaded in both of his affirmative defenses and since the jury had before it all of the facts alleged in both defenses we fail to see how or in what manner defendant was prejudiced by being required to elect upon which defense he would rely. It is true that when much of defendant's evidence was first offered it was excluded upon one ground or another and in many cases we think it was erroneously excluded. It did however eventually go before the jury.

Where evidence has been wrongfully excluded at one stage ▮ of a case, but is later admitted, the party against whom the ruling was first made is in no position to complain. Cole v. Helena Light & Ry. Co., 49 Mont. 443, 143 Pac. 974; Ackley v. Phenix Ins. Co., 25 Mont. 272, 64 Pac. 665; Taylor v. Malta Mercantile Co., 47 Mont. 342, 132 Pac. 549; State ex rel. Urton v. American Bank & Trust Co., 75 Mont. 369, 243 Pac. 1093; Murray v. City of Butte, 51 Mont. 258, 151 Pac. 1051.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, concur.

MR. JUSTICE BOTTOMLY: (dissenting).

I dissent. Under the rulings of the district court, the facts and circumstances and the testimony of the plaintiff himself, I would overrule the judgment of the district court and order a new trial, as in the companion case, Kraft v. Pattyn, Mont., 342 Pac. (2d) 1063.

MR. JUSTICE ADAIR: (dissenting).

I concur in the foregoing dissent of MR. JUSTICE BOTTOMLY.