No. 12409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

NEIL D. COWAN and GAY S. COWAN,
Husband and Wife,

Plaintiffs and Respondents,

-vs-

WESTLAND REALTY COMPANY; ROBERT MUNSON
and DOUGLAS JOHNSON,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Garlington, Lohn and Robinson, Missoula, Montana
Robert E. Sheridan, Jr. argued, Missoula, Montana

For Respondents:

Mulroney, Delaney and Dalby, Missoula, Montana
Dexter L. Delaney argued, Missoula, Montana

---

Submitted: June 19, 1973

Decided: JUL 16 1973

Filed: JUL 16 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice Harrison delivered the Opinion of the Court.

This is an action brought by plaintiffs Neal D. and Gay S. Cowan, husband and wife, seeking rescission of a "Land Purchase Agreement" on the ground of misrepresentation. The district court of the fourth judicial district, Missoula County, sitting without a jury, entered findings of fact, conclusions of law, and judgment in favor of plaintiffs. Subsequently, the district court entered an order amending the judgment which limited the judgment to defendant Westland Realty, and dismissed the action as to the individual defendants, Robert Munson and Douglas Johnson. Defendant Westland Realty appeals from the judgment.

The basis for this appeal is whether the evidence was sufficient to warrant a finding of fraud based upon misrepresentation, thereby entitling plaintiffs to rescind the "Land Purchase Agreement".

Westland Realty is a Montana corporation engaged in the real estate business in Missoula, Montana. Munson, president of the corporation, and Johnson, a salesman employed by Westland, were both licensed as real estate brokers by the state of Montana. It was admitted that both Munson and Johnson were agents of Westland when acting within the scope and course of their employment. Munson did not directly deal with plaintiffs.

In June 1970, plaintiffs were desirous of acquiring a parcel of real property on which to build or establish a home. Plaintiffs contacted Westland for information concerning a piece of property located in the Six-Mile area near Missoula which they had seen listed for sale in the newspaper and had also observed a sign posted on the property. Plaintiffs agreed to meet Johnson at the property to go over the boundaries.

At this meeting plaintiff Neal Cowan asked Johnson about the water situation for he had heard, through rumors, that water was difficult to get in the Six-Mile area. Plaintiff Gay Cowan

remained in the car during this meeting. She did not talk with Johnson, but she did participate in signing the necessary papers in transacting the agreement.

At trial, plaintiff Neal Cowan testified that Johnson told him "There is water all over. They are getting shallow wells up here." Johnson admitted having made the statement or one quite similar, but stated that it was made with reference to springs which apparently originated on adjoining Forest Service property. There is conflict in the testimony with respect to the Forest Service land.

Plaintiff contended that neither he nor Johnson walked into the adjoining Forest Service property. However, Johnson contended he and plaintiff walked onto the Forest Service property and discussed the springs thereon. Johnson maintained that he pointed out the springs to plaintiff and discussed the possibility of filing a water right on them, if one had not already been claimed.

Plaintiff also claimed Johnson told him other people were getting shallow wells in the area; Johnson stated he was making reference to a cistern type system of collecting ground and surface waters rather than a well.

After viewing the property with Johnson, plaintiffs signed a "Receipt and Agreement to Sell and Purchase", dated June 15, 1970. On June 17, 1970, plaintiffs signed the "Land Purchase Agreement" agreeing to pay on a time payment basis.

Plaintiffs paid $350 as initial payment and agreed to make monthly payments of $35 plus escrow fees in the amount of $1.50 per month over the term of the contract. The purchase price was $3,100. Up to the date of the trial June 19, 1972, plaintiffs made all of the payments required by them to be made under the terms of the agreement.

After signing the agreement, plaintiffs made some improvements on the property. During July 1970, plaintiffs expended $379.30 for installation of a septic tank. On September 7, 1971, they expended the sum of $1,600 in digging a well. Plaintiff Neal Cowan

testified he had the digger stop at 200 feet when no water was found because of financial reasons.

A letter dated September 22, 1971, was sent to defendants by plaintiffs' attorney giving notice of rescission of the agreement and demanding reimbursement of all sums they had expended. Thereafter, this action was brought alleging that defendants had misrepresented the land and, in effect, had fraudulently induced plaintiffs into purchasing the property.

In its findings of fact the district court found:

"That among other things Defendant Johnson, in the scope of his employment with Westland Realty, represented to the Plaintiffs that the lot which the Plaintiffs agreed to purchase on a time-payment contract, dated June 17, 1970, had adequate water available for purposes of domestic use and otherwise. That that representation was one of the material inducements by which the Plaintiffs were persuaded to purchase said real property from Defendant Westland Realty.

"That based on the representations of the Defendants that said land which Plaintiffs agreed to purchase had adequate water available for domestic and other purposes, Plaintiffs attempted to drill a water well, installed a septic tank, drain fields and other sewage facilities. That after the due and diligent expenditure of effort in attempting to locate water for said purpose, the Plaintiffs discovered that it was not possible to obtain water or a water source. That at the time the parties were negotiating said sale and purchase, the Defendants knew or should have known that it was not possible to obtain water or a water source on said property and, therefore, the representations to the Plaintiffs in inducing them to purchase said property were false."

The district court concluded, as a matter of law, that by reason of the misrepresentation by defendants, plaintiffs were entitled to a decree allowing them to rescind the agreement and to recover all sums of money which they expended in connection with the purchase of the property and their attempt to locate water and the installation of facilities related thereto. Judgment was entered accordingly. Defendants Munson and Johnson having been dismissed, defendant Westland Realty appeals.

As heretofore stated the sole issue on appeal is: Was the evidence presented sufficient to warrant a finding of fraud based upon misrepresentation?

- 4 -

This Court has stated many times that its function on appeal is to determine whether there is substantial evidence to support the findings of the district court. This Court will not reverse the findings of the trial court unless there is a clear preponderance of the evidence against such findings. Spencer v. Robertson, 151 Mont. 507, 511, 445 P.2d 48; Smith v. Krutar, 153 Mont. 325, 333, 457 P.2d 459.

In Lee v. Stockmen's Nat. Bank, 63 Mont. 262, 284, 207 P. 623, this Court set down the elements which the plaintiff must prove to make out a prima facie case of fraud: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

These elements must be established in all cases, whether tried before a jury or a judge. Young v. Handrow, 151 Mont. 310, 316, 443 P.2d 9.

Actual fraud is always a question of fact. Section 13-310, R.C.M. 1947. Fraud can never be presumed, but must be proved by a preponderance of the evidence. Good faith will always be presumed and mere suspicion of fraud is not sufficient. Reilly v. Maw, 146 Mont. 145, 153, 405 P.2d 440.

The alleged fraud upon which the district court made its finding that plaintiffs were entitled to rescission was the representation by Johnson that there was an adequate supply of water for domestic use and otherwise. We have searched the transcript and fail to find where Johnson made any such representation.

In response to direct questions by his own counsel, plaintiff Neal Cowan testified:

"Q. Now, what was it again that he told you with regard to the availability of water? A. 'There is water all over. They are getting shallow wells up here.'

"Q. Now, did he say who was getting shallow wells in the area? A. No.

"Q. Or did he say where you could get a shallow well or how you could hit it or anything of that kind? A. No."

On cross-examination, plaintiff Neal Cowan testified:

"Q. You stated in your testimony that Mr. Johnson made the statement that there was water all over up there, is this correct? A. Yes.

"Q. Did, at any time, Mr. Johnson ever specifically assure you or tell you that you could obtain water on that particular piece of property by drilling a well? A. I assumed after he said water all over the place.

"Q. Did he ever assure you you could get water by means of a well? A. No.

"Q. Did he ever assure you, as a matter of fact, that you could obtain water by any method on that particular piece of land? A. No.

"Q. There was no stream on the land, was there? A. No.

"Q. That was perfectly plain and visible? A. Right.

"Q. And if he didn't assure you that you could get water by any specific method either well or cistern or otherwise, how did you assume then you were to get your water? A. By drilling a well.

"Q. Is it not true, Mr. Cowan, that you bought this land assuming that there would be water with the land? You were making the assumption that you could obtain water if you bought it? A. By drilling a well, yes.

"Q. But by the same token, you were never assured by Mr. Johnson that there is water available for a well? A. No."

The foregoing testimony indicates that Johnson never made any representation with respect to the plaintiffs being successful in drilling a well. The district court, however, specifically found Johnson represented to plaintiffs that the lot had adequate water avilable for purposes of domestic use and otherwise. The record reveals no such representation was ever made by Johnson.

Further, on cross-examination plaintiff Neal Cowan testified:

"Q. He didn't tell you specifically, as I already asked you, that you could obtain water by means of a well? A. No.

"Q. He didn't mention any other specific method by which you were assured of obtaining water? A. No.

"Q. So as a matter of fact, he never did say specifically that there was adequate water available for home, domestic or other use, did he? That statement was not made? A. No."

The first requirement to determine fraud is that of a representation. Since the testimony of plaintiff Neal Cowan clearly indicates that no representation as to the availability of water for domestic use or otherwise was made by Johnson, we hold the evidence was not sufficient to warrant a finding of fraud based upon misrepresentation. Since there was no representation, it is not necessary to discuss the other elements required to prove fraud.

The judgment of the district court is reversed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Associate Justices.