No. 12907

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

ARNOLD J. WALLER and
VERNICE V. WALLER,

               Plaintiffs and Appellants,

  -vs-

GEORGIA P. HEID,

               Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
             Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Thomas I. Sabo, Bozeman, Montana
        William A. Schreiber argued, Belgrade, Montana

    For Respondent:

        Landoe and Gary, Bozeman, Montana
        Stephen Barrett argued, Bozeman, Montana

---

               Submitted:  September 3, 1976

               Decided: OCT - 6 1976

Filed: OCT - 6 1976

*Thomas J. Kearney*
               Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Gallatin County, denying rescission of a contract on the ground of fraudulent inducement. The issue presented is whether the district court erred in finding from the evidence that plaintiffs failed to prove a case of fraud sufficient to warrant rescission of the contract. We affirm the judgment of the district court.

Plaintiffs Arnold J. and Vernice V. Waller were residents of Rapid City, South Dakota, when they visited West Yellowstone on a vacation in the winter of 1969. They liked the area and when they learned that Georgia P. Heid Hoffman, defendant, owned a motel that was for sale they exchanged several letters with her concerning the transaction. As Wallers lacked expertise in the motel business, they hired Gary Teaney, a real estate salesman in Rapid City, to accompany them to West Yellowstone to investigate and evaluate the motel and several other businesses. Wallers and Gary Teaney made two trips to West Yellowstone and were taken on a tour of the property by defendant. On May 13, 1969, the parties executed a contract for the sale and purchase of the Holiday Motel, a vacant lot, and a residence in West Yellowstone. Wallers took possession of the motel on June 15, 1969, and operated it until October 15, 1970.

On August 31, 1970, Wallers filed a complaint seeking rescission of the contract. The complaint alleged defendant had made fraudulent representations to induce Wallers to enter into the contract. A non-jury trial was held in November 1973, before Hon. W. W. Lessley, district court judge in Gallatin County. Judgment in favor of defendant was filed on January 24, 1974. Wallers filed notice of appeal.

Wallers contend defendant made these misrepresentations to induce them to enter into the contract: (1) that the motel

and residence were winterized and could be operated the entire year; (2) that the highway to Yellowstone Park would be moved and pass directly in front of the motel; (3) that the plumbing and wiring to a second bathroom in the residence was roughed in and could be completed merely by hooking up the utilities; and (4) that the motel's washer and dryer worked. Wallers argue they would not have entered into the contract if these misrepresentations had not been made.

It has long been the rule in Montana that a prima facie case of fraud is not established unless the plaintiff proves he relied on the truth of the respresentations made to him. Dunlap v. Nelson, 165 Mont. 291, 296, 529 P.2d 1394; Clough v. Jackson, 156 Mont. 272, 279, 479 P.2d 266; Young v. Handrow, 151 Mont. 310, 315, 443 P.2d 9. The district court found that Wallers relied on their own investigations of the property and those of Gary Teaney, rather than representations made by defendant. In Cowan v. Westland Realty Co., 162 Mont. 379, 383, 512 P.2d 714, this Court said:

> "This Court has stated many times that its function on appeal is to determine whether there is substantial evidence to support the findings of the district court. This Court will not reverse the findings of the trial court unless there is a clear preponderance of the evidence against such findings. [Citing cases.]"

It is undisputed that Wallers visited West Yellowstone twice and personally examined the motel and residence, including the bathroom and laundry room. Of particular significance is the fact they hired an agent with substantial real estate experience to investigate the property and make recommendations on the purchase. Wallers paid Gary Teaney $5,000 for his services. The district court could properly find from this evidence that no reliance was placed on any representations made by defendant. Without reliance there was no cause of action for fraud.

- 3 -

The judgment is affirmed.

_Wesley Castles_

We concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Jack Shanstrom, district
judge, sitting in place of Mr.
Justice Gene B. Daly.

- 4 -