No. 13252

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

JUNIOR W. TSCHACHE and
ELIZABETH A. TSCHACHE,
husband and wife,

      Plaintiffs and Respondents,

  -vs-

CLARENCE L. BARCLAY and
GLADYS BARCLAY, husband
and wife,

      Defendants and Appellants.

---

Appeal from:  District Court of the Eighteenth Judicial
           District
           Honorable Gordon R. Bennett, Judge presiding

Counsel of Record:

    For Appellants:

        Bennett and Bennett, Bozeman, Montana
        Lyman H. Bennett III argued and Lyman Bennett, Jr.
        argued, Bozeman, Montana

    For Respondents:

        Landoe, Gary and Planalp, Bozeman, Montana
        Robert Planalp argued, Bozeman, Montana

---

                Submitted:  January 10, 1977

                  Decided: MAY 26 1977

Filed: MAY 26 1977

*Thomas J. Kearney*
                  Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Sellers appeal from a judgment entered in the district court, Gallatin County, by the trial judge sitting without a jury, allowing buyers to terminate their amended contract for deed under a contractual right of rescission and ordering sellers to return all money paid on the purchase price.

Sellers sued buyers to terminate their rights under the contract and buyers countersued asking for rescission of the contract. Sellers raise four issues on appeal: (1) They were fraudulently induced into entering the amended contract for deed; (2) buyers are bound to perform the contract under the doctrine of estoppel; (3) the district court improperly refused testimony that would show the circumstances under which sellers entered into an agreement to place the contract for deed in escrow; and (4) buyers failed to completely restore sellers to their position prior to the contract.

Sellers are Clarence and Gladys Barclay; buyers are Junior and Elizabeth Tschache. On December 24, 1971 the parties entered into a contract for deed for approximately 81 acres of land located in Gallatin County. Buyers intended to subdivide the land and sell lots for houses or trailer homes. The contract provided, however, that the buyers could terminate the contract and recover all money paid on the purchase price, if they determined within two years the land could not be developed. Buyers paid $15,000 as a down payment and later paid two annual installments of $8,000 each. The dispute here centers around an amended contract for deed signed by the parties at or near the end of the expiration of the first 2 year contract.

Buyers conducted extensive tests on the land and discovered problems with zoning, sewage disposal and flood plain regulations. As a result, their preliminary plats were not approved. In 1973 they sought a bank loan to pay the annual installment due on December 15. The bank officials knew buyers could not obtain approval of their development plans and accordingly requested, before granting the loan, that buyers first obtain a new contract extending the right to terminate the transaction and place in escrow with the bank a warranty deed running to the buyers.

On December 24, 1973 the parties did sign an amended contract for deed, which gave buyers two more years to terminate the transaction, and an escrow agreement. In February 1974, sellers deposited the amended contract for deed and the warranty deed in escrow. However, buyers failed to pay the annual installment due on December 15, 1974 and sellers on February 28, 1975 sent them a notice of default. Buyers responded by invoking the rescission agreement in the contract, and on March 18, 1975 they sent the rescission notice to sellers, claiming the land could not be developed because of flood plain restrictions and because its elevation and soil conditions precluded proper drainage.

Sellers first claim the buyers fraudulently induced them to enter into the amended contract for deed. Although the contract is dated December 24, 1973, sellers maintain it was not executed until late in February 1974, at about the time the warranty deed and escrow agreement were signed. Sellers then argue buyers concealed from them the fact the local planning board on February 14, 1974 rejected buyers' subdivision plans, and also concealed the fact the bank required a new contract before it would loan money to buyers. Sellers maintain buyers had already decided the land could not be

developed and sought the new contract solely to revive their

right to terminate the transaction which expired on December 24,

1973, under the first contract. However, the district court

found contrary to these contentions.

The district court found the amended contract for deed was

executed on December 24, 1973, prior to the rejection of buyers'

subdivision plans in February 1974. Further, that sellers were

well aware of buyers' difficulties in developing the land and signed

the new contract to allow buyers more time to solve the problems.

The district court found no proof of fraud. In Cowan v. Westland

Realty Co., 162 Mont. 379, 383, 512 P.2d 714, this Court said:

> "This Court has stated many times that its
> function on appeal is to determine whether there is
> substantial evidence to support the findings of the
> district court. This Court will not reverse the
> findings of the trial court unless there is a clear
> preponderance of the evidence against such findings.
> [Citing cases.]"

Contrary to sellers' claim on appeal, one of sellers (Mr.

Barclay) testified the parties did execute the amended contract

for deed on December 24, 1973, and at that time buyers told him

they were having trouble satisfying flood plain regulations. There

was substantial testimony buyers continued their efforts to formu-

late an acceptable plan for subdivision in 1974. They sent their

notice to rescind more than one year after they executed the amended

contract for deed and this was done only after buyers tried to

forfeit sellers' rights under the contract.

Sellers contend buyers did not tell them the bank required an

amended contract for deed before it would loan more money to buyers

to make that year's annual installment. However, there is testimony

in the record that one of the buyers so informed sellers. Moreover,

even assuming non-disclosure of this fact from the sellers, it was

not material to the contractual relationship between the parties and

cannot serve as a basis for fraud. Ray v. Divers, 72 Mont. 513, 234 P. 246.

The sellers next claim that buyers, by the act of signing the escrow agreement and putting the contract in escrow (a departure from the first contract), accepted the land/are estopped to assert otherwise. Sellers rely on section 93-1301-6(3), R.C.M. 1947, which provides:

> "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

The 1971 and 1973 contracts provided that upon buyers' acceptance of the land, sellers were to convey the land to a bank as a trustee. Sellers admit signing the escrow agreement without reading it, but insist buyers misled them into believing the escrow agreement was really the trust arrangement set forth in the contracts. Then, they contend, when buyers asked to put the warranty deed and amended contract for deed in escrow "according to the contract" they thought they were doing it according to the trust arrangement and this constituted an acceptance of the contract. Sellers claim an estoppel based on these facts.

The district court found that sellers possessed a copy of the amended contract for deed and the original escrow agreement for "a considerable length of time and had ample opportunity to examine them". Sellers did not explain why they failed to read the escrow agreement and amended contract for deed, other than their reliance on buyers' alleged representations. Such reliance was unjustified. Estoppel has no application where the "'means of knowledge of both parties is equal'". Colwell v. City of Great Falls, 117 Mont. 126, 139, 157 P.2d 1013.

Sellers next claim the court improperly excluded sellers' offered testimony they signed the warranty deed and escrow agreement solely in reliance on the buyers' representation that the instruments would establish the trust described in the amended contract for deed. While parol evidence is generally excluded under section 93-401-13, R.C.M. 1947, this statute provides exceptions for its admission, and states in pertinent part:

> "But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 93-401-17, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term agreement includes deeds and wills, as well as contracts between parties."

Section 93-401-17, R.C.M. 1947, provides:

> "For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret."

If fraud had been properly pleaded sellers should have been allowed to offer the testimony, which was to show that these instruments constituted an acceptance of the land under the doctrine of estoppel. But, when the question came up during trial and the court excluded the evidence, only a feeble effort was made to make an offer of proof as to what fraud sellers would attempt to prove. Sellers made no effort either before, during, or at the conclusion of the trial, to amend their pleadings as required by Rule 15, M.R.Civ.P. There being no fraud pleaded, sellers were not entitled to present evidence on this theory. Rule 8(a) and Rule 9(b), M.R.Civ.P.

Notwithstanding sellers' failure to comply with these pleading requirements however, they still were permitted to testify that buyers told them the escrow agreement and warranty deed should be executed "according to the contract." This testimony was sufficient

- 6 -

to put sellers' theory of fraud and estoppel in the record before the district court, and under these circumstances refusal to allow the testimony would be harmless error. Hackley v. Waldorf-Hoerner Paper Co., 149 Mont. 286, 425 P.2d 712; Kraft v. Pattyn, 135 Mont. 574, 342 P.2d 1060. Further, even though sellers were not entitled to pursue their claim of fraud, the district court made a specific finding there was no fraud.

Sellers' final claim of error is that buyers did not restore everything of value to the sellers as if the contract had not been made, even though they offered to do so in their notice of rescission. Sellers claim buyers removed the top soil from four or five acres without the consent of sellers, and left the land so rough it was even difficult to drive over it with a tractor. On the other hand, buyers alleged they removed only earth and gravel lying beneath the top soil and then replaced and reseeded the top soil, with the acquiescence of sellers.

This conflict in testimony created a question of fact within the province of the district court to resolve. The district court judge saw and heard the witnesses testify and was in a superior position to evaluate their credibility. Richardson v. Howard Motors Inc., 163 Mont. 347, 516 P.2d 1153. The district court adopted the buyers' version of the facts and found no compensable damage had been done to the land. We find no error.

We affirm the judgment of the district court.

_____
Justice.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.