No. 14602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

DALE M. LUMBY and FRANCES LUMBY,
husband and wife,

Plaintiffs and Respondents,

vs.

LaMOINE O. DOETCH, et al.,

Defendants and Appellants.

---

Appeal from: District Court of the Nineteenth Judicial
District, Honorable Robert M. Holter,
Judge presiding.

Counsel of Record:

For Appellant:

Keller & Gilmer, Kalispell, Montana

For Respondent:

William A. Douglas, Libby, Montana

Thomas R. Bostock, Libby, Montana

Ann C. German, Libby, Montana

---

Submitted on briefs: MAY 11 1979

Decided: SEP 26 1979

Filed: SEP 2 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The defendants, LaMoine O. Doetch, Betty D. Doetch, Estate of Kenneth L. Doetch and Bonnie L. Doetch, appeal from a judgment entered in favor of the plaintiffs, Dale M. and Frances Lumby, rescinding a contract for the sale of real and personal property. The judgment was entered by the District Court, Nineteenth Judicial District, Lincoln County.

LaMoine and Betty Doetch owned a small business in Libby, Montana, known as "Dutch's Sport Shop". The business dealt with Suzuki motorcycles, Bombardier snowmobiles, boats and accessories. Similarly, Kenneth and Bonnie Doetch owned a small business in the same city dealing with Honda motorcycles and office supplies.

Kenneth was the son of LaMoine and Betty Doetch. Kenneth died of leukemia in January 1978, and Bonnie, his widow, represents both his estate and herself individually in this cause.

Having seen a "for sale" advertisement, the Lumbys were interested in purchasing that portion of the Doetch businesses dealing with Suzuki and Honda motorcycles and Bombardier snowmobiles, including the real property associated with "Dutch's Sport Shop" and the personal property associated with the motorcycles and snowmobiles.

The Lumbys first met LaMoine and Betty Doetch on July 21, 1977, in Libby. At that time, the Lumbys inquired about the financial health of "Dutch's Sport Shop" and whether that business was in good standing with its suppliers

and wholesalers. The Lumbys were assured the business was in excellent financial condition and there were no problems at all with its suppliers and wholesalers. The Lumbys were shown a handwritten profit and loss statement for 1976 showing a net income of $42,756.13. The statement was prepared by Betty Doetch.

The Lumbys were impressed with the profitability of "Dutch's Sport Shop". They gave $500 to LaMoine and Betty Doetch to hold open the exclusive opportunity to purchase the business.

Thereafter, the Doetchs assured the Lumbys on many occasions of the profitability of the business and that it was in good standing with suppliers and wholesalers. The Lumbys were told the business was realizing a profit schedule in 1977 equal to that realized in 1976. To confirm this fact, the Lumbys were shown a profit and loss statement for January 1, 1977, to June 30, 1977, depicting a net profit of $19,201.68. This statement was also prepared by Betty Doetch.

On July 27, 1977, the Lumbys and the Doetchs entered a real estate purchase and sale agreement specifying a purchase price of $112,500. The agreement specified August 15, 1977, as the closing date for the transaction.

Also on July 27, 1977, the Lumbys paid $500 to the Doetchs. This payment entitled the Lumbys to inspect the financial records of "Dutch's Sport Shop" to verify the represented profitability of that business. The inspection continued for one week but proved fruitless. The records

-3-

maintained by Betty Doetch, were in poor condition, disorganized and confusing.

As a result, the Lumbys asked a bank officer about the financial condition of "Dutch's Sport Shop". They were told it was illegal to give out such information.

Despite the failure of their investigations, the Lumbys continued payments on the contract of July 27, 1977. The Lumbys paid the Doetchs $8,877 on August 12, 1977, $8,250 on August 14, 1977, and $9,873 on August 15, 1977.

On August 15, 1977, the parties executed a contract for deed embodying the general terms of the real estate purchase and sale agreement of July 27, 1977. Thereupon, the Lumbys assumed full control and operation of the business formerly known as "Dutch's Sport Shop".

On or about November 1977, the Lumbys received letters and telephone calls from suppliers seeking payment for past due bills incurred by the Doetchs. The Lumbys became aware of numerous "not sufficient funds" checks written by the Doetchs and that shipments of equipment and parts to the Doetchs had been suspended in 1977 by U. S. Suzuki and Bombardier.

Dale Lumby approached LaMoine Doetch and requested a return of the purchase money already paid to the Doetchs on the contract for deed. Dale Lumby warned of possible legal action in case of a refusal. His request was refused.

On November 29, 1977, the Doetchs assigned their interest in the contract for deed to David Kieffer for the sum of $50,000 cash plus a repair of LaMoine Doetch's boat. Just prior to the assignment, the Doetchs represented to Kieffer that there were no problems with the contract for deed. The

-4-

representation was made after Dale Lumby had requested a rescission of the contract for deed.

Kieffer borrowed $50,102.50 from United National Bank of Libby to finance the purchase of the Doetch interest in the contract for deed. This loan was secured by a written promissory note and financing statement whereby Kieffer pledged his interest in the contract for deed as collateral for the loan. Kieffer was current on all required payments on the loan as of the time of the trial of this cause.

On January 12, 1978, the Lumbys filed this cause for rescission of the contract for deed. The Lumbys alleged the Doetchs misrepresented the financial condition of their business and its standing with its suppliers and wholesalers.

The District Court held as follows:

1. The Lumbys were entitled to rescind the contract of August 15, 1977, as to all defendants.

2. The Lumbys were entitled to the return of $31,650 plus interest and were entitled to a judgment in that amount against the Doetchs.

3. The Doetchs had defrauded Kieffer and the United National Bank of Libby in the sum of $50,102.50 plus $840 expenses, together with interest at the rate of 10% per annum. Kieffer and the United National Bank of Libby were entitled to a judgment in such amount.

4. Kieffer was entitled to a judgment for exemplary damages against the Doetchs in the amount of $5,000.

5. The property which is the subject of the action was to be sold at public auction in accordance with Montana statutes relating to sales of property subject to lien.

The Doetchs filed motions to amend the findings of fact and for a new trial. Such motions were not set for hearing within the time limits prescribed by Rule 59, Mont.R.Civ.P., and a notice of appeal was timely filed by the Doetchs.

The sole issue to be decided upon this appeal is whether the judgment is supported by substantial credible evidence.

In resolving this issue, we are guided by a number of principles established by this Court. The credibility of witnesses and the weight to be given their testimony are matters for the District Court's determination in a nonjury case. Corscadden v. Kenney (1977), ___ Mont. _____, 572 P.2d 1234, 1237, 34 St.Rep. 1533, 1537. Thus, in examining the sufficiency of the evidence, we must view the same in a light most favorable to the prevailing party, and we will presume the findings and judgment by the District Court are correct. Hellickson v. Barret Mobile Home Transport, Inc. (1973), 161 Mont. 455, 459, 507 P.2d 523, 525. We will not overturn the findings and conclusions of the District Court unless there is a decided preponderance of the evidence against them, and when the evidence furnishes reasonable grounds for different conclusions, the findings of the District Court will not be disturbed. Morgen and Oswood Const. Co. v. Big Sky of Mont. (1976), 171 Mont. 268, 275, 557 P.2d 1017, 1021. The burden of proof is on the appellant. Schuman v. Study Com'n. of Yellowstone Cty (1978), _____ Mont. _____, 578 P.2d 291, 292, 35 St.Rep. 386, 388.

Having examined the record with the above principles in mind, we find there is substantial credible evidence to support the findings and conclusions of the District Court. The evidence in the record furnishes reasonable

grounds for the court's conclusions as to each element of a prima facie case for fraud in the inducement. Consequently, the findings of the District Court will not be disturbed. Morgen and Oswood Const. Co. v. Big Sky of Mont., supra.

The Doetchs represented to the Lumbys that their net income in 1976 was $42,756.13 and they were realizing an income in 1977 equal to that of 1976. The District Court could properly conclude that these representations were false. No one at trial, including the Doetchs' accountant could verify the profitability of the business. In fact, the Doetchs' accountant testified he did not have a great deal of confidence in the business records of the Doetchs.

The Doetchs also represented to the Lumbys that their business was in good standing with its suppliers and wholesalers. There is substantial credible evidence that this representation was false. The Doetchs had written numerous "not sufficient funds" checks to their suppliers and wholesalers. In fact, prior to this representation, shipments from some suppliers were suspended.

There is substantial credible evidence to support the conclusion the representations were material. Dale Lumby testified the excellent profitability of the business was the major inducement for his entering the business transaction. Similarly, the relationship of a business with its suppliers and wholesalers reflects on profitability, the major inducement.

The District Court could also properly conclude the Doetchs knew their representations to be false. Betty Doetch was responsible for keeping the books of the Doetchs'

business. She recorded the transactions of the business and received notice of the "not sufficient funds" checks. Also, the evidence indicates the Doetchs would sometimes record a cash down payment that was not actually received.

There is substantial credible evidence to find the Doetchs intended the Lumbys to rely on the representations. The Doetchs knew the Lumbys were interested in purchasing the business. The Doetchs knew the financial condition of the business and its standing with its suppliers and wholesalers was important to the Lumbys. The Lumbys inquired on these subjects repeatedly.

Next, the District Court could properly conclude the Lumbys actually relied on and had a right to rely on the truth of the representations.

Generally, where an injured party investigates the truth of representations for himself or has equal means as the defendant to ascertain the truth, reliance on the representations, however false, will afford no grounds for complaint. Bails v. Gar (1976), 171 Mont. 342, 348, 558 P.2d 458, 462.

Here, however, the Lumbys investigated the records of the business to no avail. They requested the income tax records of the Doetchs but were refused. They inquired at the local bank but were refused there too. Next, they questioned sales representatives and were told the business was in good standing with its suppliers and wholesalers. Consequently, as Dale Lumby testified, the Lumbys relied on the representations because they felt the Doetchs were honest people. Under these circumstances, the Lumbys had a right to rely on the representations.

Finally, there was substantial credible evidence supporting the finding that the Lumbys suffered damages as

-8-

a proximate consequence of the representations.  The Lumbys paid a purchase price in excess of the real worth of the business as a result of their reliance on the representations by the Doetchs.  This excess purchase price is traceable to the representations.

The judgment of the District Court is affirmed since there is substantial credible evidence to support the findings and conclusions of that Court.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices