*23 CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Thomas R. Glanville appeals from an order of the District Court for the Eleventh Judicial District, Flathead County, modifying child custody and support. We affirm.
The issue is whether the District Court erred in requiring Thomas R. Glanville to pay back child support from July 1991 through August 1992.
The marriage of Thomas R. Glanville (the father) and Patricia Diane Glanville (the mother) was dissolved in April 1988 in San Luis Obispo County, Superior Court of California. They agreed to joint legal custody of their two school-age children. Under a modified order entered in November 1990 (apparently after the father moved to Montana), the mother would have physical custody of the children until June of 1991. The father would then assume physical custody until the summer of 1992, when the court would review the matter. Under the modified decree, the father was to pay the mother child support of $400 per month.
In June of 1991, the children came to Whitefish, Montana, to live with their father. The planned review by the California court in the summer of 1992 did not occur. Instead, at the children’s request, they remained in Whitefish with their father except for Christmas holiday and summer visitation with their mother.
In November 1992, the father filed in the Eleventh Judicial District Court, Flathead County, an affidavit and petition for modification of custody, visitation, and support. He asked the court to grant him primary residential custody of the children, subject to reasonable visitation with the mother. He also asked that the mother be ordered to pay him child support retroactive to January 1992.
A hearing was held before a special master on June 10, 1993. Adopting the special master’s recommendations in their entirety, the court accepted jurisdiction and modified the order of the California court to provide that the children shall reside with their father and have reasonable visitation with their mother. It ordered the mother to pay child support of $ 150 per child per month retroactive to August 1992. The court ruled that the father’s obligation to pay child support under the California decree continued until August 1992. The father had paid no child support to the mother since October of 1990. Calculating the resulting support liability of each party, the court ordered the father to pay the mother $4,820.38 in back child support.
Did the District Court err in requiring the father to pay back child support from July 1991 through August 1992?
*24 The father argues that he should not be required to pay the mother child support for time during which the children lived with him. Rather, he argues that he is entitled to child support payments from the mother for that period. His view as to the effective date for this has varied. On appeal, he contends the mother should be required to pay him child support from July 1991 forward. As stated above, his petition for modification asked that she be required to pay child support retroactive to January 1992. At the hearing, he testified that she should be required to pay support retroactive to May 1992.
Section 40-4-208(1), MCA, provides:
Except as otherwise provided in 40-4-201(6), MCA, [concerning the terms of a separation agreement] a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification.
Under the above statute, the earliest date to which the District Court could have retroactively modified the California decree would be November 1992, when the father filed his motion for modification. The father argues, however, that the mother is equitably estopped from seeking back child support from him.
A series of Montana cases has established that, upon compelling evidence, the doctrine of equitable estoppel may override the provisions of § 40-4-208, MCA. See In re Marriage of Sabo (1986), 224 Mont. 252, 256, 730 P.2d 1112, 1114. “[T]he equitable principle arises when the [party against whom it is applied] has expressly or impliedly consented to an arrangement other than the payment of the judgment.” In re Marriage of Cook (1986), 223 Mont. 293, 299, 725 P.2d 562, 566.
[I]n Montana a decree for support may be modified on equitable grounds by a court where there is clear and compelling evidence of the terms of an oral agreement of modification. ... [S]uch modification may be applied only to maintenance and support payments to be made subsequent to the oral agreement for modification.
In re Marriage of Jensen (1986), 223 Mont. 434, 439, 727 P.2d 512, 515-16.
This Court’s standard of review of an equitable decision is as provided by § 3-2-204(5), MCA. This Court has interpreted that standard as follows:
[W]e are guided by a number of principles established by this Court. The credibility of witnesses and the weight to be given their testimony are matters for the District Court’s determination in a *25 nonjury case. Thus, in examining the sufficiency of the evidence, we must view the same in a light most favorable to the prevailing party, and we will presume the findings and judgment by the District Court are correct. We will not overturn the findings and conclusions of the District Court unless there is a decided preponderance of the evidence against them, and when the evidence furnishes reasonable grounds for different conclusions, the findings of the District Court will not be disturbed. The burden of proof is on the appellant.
Lumby v. Doetch (1979), 183 Mont. 427, 431, 600 P.2d 200, 202 (citations omitted throughout).
Contrary to the suggestion of the dissent, the facts of this case are not indistinguishable from those in Sabo. In Sabo, the decree of dissolution gave the mother sole custody of the children, but, by later agreement of the parties, two of the children lived with the father. Sabo, 730 P.2d 1112-13. Here, the dissolution decree provided for joint legal and shared physical child custody. The distinction is important to a determination of whether the parties have agreed to vary the terms of the dissolution decree so that equitable estoppel may apply.
During the time for which the father now seeks to be relieved from an obligation of support, July 1991 to August 1992, the children lived with him. For most of that period, however, this physical custody arrangement did not differ from that specified in the California court’s November 1990 order. Under that order, the children were to spend the 1991-92 school year with their father and the father’s obligation for child support was to continue. Because the father has not demonstrated an agreement for an arrangement which differed from the California court’s order concerning the 1991-92 school year, we conclude that equitable estoppel is not applicable for that period.
At the hearing before the special master, the father introduced into evidence a letter he received from the mother in May 1992. She wrote:
Since they’ve both expressed the wish to go to school there, I guess I’ll have to live with it.
The father testified that he felt the mother owed him child support from May 1992 forward. However, the mother testified that it was not until August of 1992, after she had spent the summer with her children, that she finally agreed that they could remain in Montana with their father.
In sum, the evidence of an agreement prior to August of 1992 to modify the California decree is conflicting and can hardly be termed “clear and compelling.” The special master found that an agreement *26 to modify the California decree occurred in August of 1992. That finding is supported in the record. The District Court relieved the father of his child support obligation from August 1992 forward.
Absent circumstances justifying the application of equitable estoppel prior to August 1992, and without other statutory authority to retroactively modify the California court’s decree, we conclude that the District Court did not err in requiring the father to pay back child support due between July 1991 and August 1992.
Affirmed.
JUSTICES GRAY, HUNT and WEBER concur.